UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 04-11682NMG

RI HOLDINGS COMPANY, LLC )
    Plaintiff, )
)
V. )
)
TIMOTHY P. MCINERNEY, )
individually and as in his )
capacity as town administrator )
of the TOWN OF SEEKONK )
and TOWN OF SEEKONK, )
    Defendants. )

## DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

The Defendants hereby state that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants hereby answer the Plaintiff's Complaint, paragraph by paragraph, as follows:

### PARTIES

1.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.    The defendants admit the allegations contained in this paragraph.

4.    The defendants admit the allegations contained in this paragraph.

5.    The defendants admit that Timothy McInerney was appointed Town Administrator in September 2002, but deny the remaining allegations contained in this paragraph.

6.    The defendants admit the allegations contained in this paragraph.

7.  The defendants admit that Timothy McInerney had been a public employee of the Town of Seekonk acting within the scope of his office but deny the remaining allegations contained in this paragraph.

8.  The defendants admit that the Board of Selectmen are the policy makers for the Town of Seekonk and deny the remaining allegations contained in this paragraph.

## JURISDICTION

9.  The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendants.

## VENUE

10. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendants.

## FACTUAL BACKGROUND AND CONTROVERSY

11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The defendants admit that H. Charles Tapalian ("Tapalian") and the Town of Seekonk were involved in litigation entitled *H. Charles Tapalian v. Town of Seekonk*, et. al., but deny the remaining allegations contained in this paragraph.

14. The defendants deny the allegations contained in this paragraph.

15. The defendants admit that there has been extensive litigation but are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. The defendants admit that there has been extensive litigation but are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. The defendants admit that there has been extensive litigation but are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. The defendants admit that there has been extensive litigation but are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. The defendants admit that there has been extensive litigation but are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The defendants admit that there has been extensive litigation but are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. The defendants admit that Tapalian brought a lawsuit in the United States District Court, Civil Action No. 12389-PBS (entitled, "*H. Charles Tapalian v. James V. Tusino*"), and deny the remaining allegations contained in this paragraph.

22. The defendants admit that a Pre-trial Mediation Conference occurred but deny the remaining allegations contained in this paragraph.

23. The defendants deny the allegations contained in this paragraph.

24. The defendants admit the allegations contained in this paragraph.

25. The defendants deny the allegations contained in this paragraph.

26. The defendants deny the allegations contained in this paragraph.

27. The defendants admit that Tapalian initiated a further action against the Town of Seekonk and several of its Board of Selectmen, which has been docketed as Civil Action No. 02-12216RGS, but deny the remaining allegations contained in this paragraph.

28. The defendants admit the allegations contained in this paragraph.

29. The defendants admit the allegations contained in this paragraph.

30. The defendants admit that Tim McInerney was appointed as town administrator in September 2002, but deny the remaining allegations contained in this paragraph.

31. The defendants admit that the town administrator oversees the departments within the Town of Seekonk, including the Police Department, Fire Department, Public Works Department and the Building Inspector, but deny the remaining allegations contained in this paragraph.

32. The defendants admit that the town administrator proposes the appointments of the heads of the departments for which the Board of Selectmen have 15 days in which to act to affirm or reject said proposed appointments. The defendants deny the remaining allegations contained in this paragraph.

33. The defendants admit the allegations contained in this paragraph.

34. The defendants admit the allegations contained in this paragraph.

35. The defendants admit the allegations contained in this paragraph.

36. The defendants deny the allegations contained in this paragraph.

37. The defendants admit that Timothy McInerney attended a mediation session in Boston and became somewhat familiar with certain aspects of the Tapalian litigation but deny the remaining allegations contained in this paragraph.

38. The defendants admit that they were aware that James Tusino had appealed the adverse decision to the United States Court of Appeals for the First Circuit but deny the remaining allegations contained in this paragraph.

39. The defendants admit the allegations contained in this paragraph.

40. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46. The defendants admit the allegations contained in this paragraph.

47. The defendants deny the allegations contained in this paragraph.

48. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49. The defendants admit that Timothy McInerney met with individuals of Stone Gate Builders, however deny the remaining allegations contained in this paragraph.

50. The defendants deny the allegations contained in this paragraph.

51. The defendants deny the allegations contained in this paragraph.

52.   The defendants deny the allegations contained in this paragraph.

53.   The defendants deny the allegations contained in this paragraph.

54.   The defendants deny the allegations contained in this paragraph.

55.   The defendants admit that at some time in April or May 2003, Tapalian met with selectpersons Christopher Pelletier and Doreen Taylor at which time he discussed a large construction project including a senior center, but deny the remaining allegations contained in this paragraph.

56.   The defendants admit that selectpersons Pelletier and Taylor had discussions with Tapalian relative to certain plans but deny the remaining allegations contained in this paragraph.

57.   The defendants admit that Tapalian sent McInerney a letter but deny the remaining allegations contained in this paragraph.

58.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.   The defendants admit that McInerney replied to Tapalian in a letter dated June 2, 2003 and state the letter speaks for itself and further deny the remaining allegations contained in this paragraph.

60.   The defendants state that Mr. McInerney's letter speaks for itself and deny the characterization as alleged in paragraph 60.

61.   The defendants state that the letter speaks for itself and deny the remaining allegations contained in this paragraph.

62.   The defendants admit the allegations contained in this paragraph.

63.   The defendants admit the content of Mr. McInerney's e-mail but deny the remaining allegations including the emphasis as alleged in paragraph 63.

64.   The defendants deny the allegations contained in this paragraph.

65.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

66.   The defendants deny the allegations contained in this paragraph.

67.   The defendants deny the allegations contained in this paragraph.

68.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

69. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

70. The defendants admit the allegations contained in this paragraph.

71. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

72. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

73. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

74. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

75. The defendants deny the allegations contained in this paragraph.

76. The defendants deny the allegations contained in this paragraph.

77. The defendants admit the allegations contained in this paragraph.

78. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

79. The defendants admit the allegations contained in this paragraph.

80. The defendants admit that James Tusino provided comments but deny the remaining allegations contained in this paragraph.

81. The defendants admit that the town had an Acting Fire Chief but deny the remaining allegations contained in this paragraph.

82. The defendants admit that the town had an Acting Fire Chief but deny the remaining allegations contained in this paragraph.

83. The defendants deny the allegations contained in this paragraph.

84. The defendants admit the allegations contained in this paragraph.

85. The defendants admit the allegations contained in this paragraph.

86. The defendants admit the allegations contained in this paragraph.

87. The defendants deny the allegations contained in this paragraph.

88. The defendants deny the allegations contained in this paragraph.

89. The defendants admit the allegations contained in this paragraph.

90. The defendants admit the allegations contained in this paragraph.

91. The defendants admit the allegations contained in this paragraph.

92. The defendants admit the allegations contained in this paragraph.

93. The defendants deny the allegations contained in this paragraph.

94. The defendants deny the allegations contained in this paragraph.

95. The defendants admit the allegations contained in this paragraph.

96. The defendants deny the allegations contained in this paragraph.

97. The defendants deny the allegations contained in this paragraph.

98. The defendants deny the allegations contained in this paragraph.

99. The defendants admit the allegations contained in this paragraph.

100. The defendants state that the Appeals Court decision speaks for itself, and deny the remaining allegations contained in this paragraph.

101. The defendants deny the allegations contained in this paragraph.

102. The defendants hereby repeat their responses to the proceeding paragraphs of the plaintiff's Verified Complaint.

## COUNT ONE
(Denial of Equal Protection – United States Constitution – Town of Seekonk)

103. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

104. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

105. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## COUNT TWO
(Denial of Equal Protection – United States Constitution – McInerney)

106. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

107. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

108. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## COUNT THREE
(Violation of Rights of Free Communication, Peaceable Assembly and Petitioning for Redress of Grievances – United States Constitution – Town of Seekonk)

109. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

110. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

111. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## COUNT FOUR
(Violation of Rights of Free Communication, Peaceable Assembly and Petitioning for Redress of Grievances – United States Constitution – McInerney)

112. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

113. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

114. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## COUNT FIVE
(Claims Against Town of Seekonk --- Massachusetts Tort Claims Act)

115. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

116. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

117. The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

118.   The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## DEMANDS FOR JUDGMENT

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against the Defendants and, furthermore, the defense asks this Honorable Court to enter judgment for the Defendants and against the Plaintiff along with interest, costs and attorney's fees.

## AFFIRMATIVE DEFENSES

### THIRD AFFIRMATIVE DEFENSE

The individual defendant is entitled to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants state that they were justified in their acts or conduct and that therefore the plaintiff cannot recover.

### FIFTH AFFIRMATIVE DEFENSE

The defendants state that their acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore the plaintiff cannot recover.

### SIXTH AFFIRMATIVE DEFENSE

The defendants state that their actions are immune from suit as they were engaging in discretionary functions.

### SEVENTH AFFIRMATIVE DEFENSE

The defendants state that they were privileged in their conduct and acts and that therefore the plaintiff cannot recover.

## JURY CLAIM

The defendants claim a trial by jury as to all issues properly triable to a jury.

Respectfully Submitted,

The Defendants,
Timothy P. McInerney and
the Town of Seekonk
By their attorneys,


/s/ Jeremy I. Silverfine
Leonard H. Kesten, BBO# 542042
Jeremy I. Silverfine, BBO#542779
BRODY, HARDOON, PERKINS AND KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated:

## CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the above document was served upon all counsel of record by first class mail on December 1, 2004.

/s/ Jeremy I. Silverfine
Jeremy I. Silverfine