UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


R.I. SEEKONK HOLDINGS, LLC.

       Plaintiff

VS.                                          C.A. No.: 04 CV 11682 NMG

TIMOTHY P. McINERNEY, et al
       Defendants


## PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY OF WITNESS, MICHAEL LEHANE, ESQ.

Plaintiff, RI Seekonk Holdings, LLC ("Seekonk Holdings") hereby moves pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure ("R.C.P."), for an Order compelling the deposition of witness Michael Lehane and ruling that the Defendants have waived their attorney-client privilege to at least to the extent described herein. In support of this request, Seekonk Holdings asserts the following:

## PROCEDURAL BACKGROUND

1. On February 15, 2006, Seekonk Holdings issued a Deposition Subpoena directed to Michael Lehane, Esq. at Murphy, Hesse, Toomey & Lehane in Quincy Massachusetts. A copy appears at Exhibit "A".

2. Return of Service of the Subpoena was made on February 16, 2006. See Id.

3. In response to the Subpoena, Attorney Lehane sent a letter dated February 17, 2006, advising that he and his firm served as town counsel for the Town of Seekonk from late 1999 to June, 2004. He further advised that he was (quite naturally) troubled by the issue of attorney-client privilege. As a result, he indicated that he would not disclose conversations in the absence of confirmation that the Town had waived its privilege or that there had been "a ruling of court absolving me of my duty not to disclose otherwise privileged conversations." A copy of Mr. Lehane's letter of February 17, 2006 appears at Exhibit "B".

4. As a result of his letter of February 17, 2006, counsel understood that Mr. Lehane would be conferring with successor town counsel. In a letter dated March 15, 2006, he indicated that current town counsel advised him that they were "unaware of any waiver of the attorney-client privilege", thus Mr. Lehane indicated that he would "continue to be bound by the strictures of confidentiality". (See copy of correspondence at Exhibit "C".)

5. In view of Mr. Lehane's espoused position, the parties agreed to defer the Deposition while counsel sought an Order of this Court.

6. Seekonk Holdings includes an accompanying Certification that it has conferred (through counsel) with the deponent in an effort to secure the deposition testimony without Court action. See Rule 30(a)(2)(B) of the RCP.

## ARGUMENT

7. Seekonk Holdings" Complaint in this case alleges Civil Rights violations having their relevant historical basis in the timeframe during which Mr. Lehane and his firm served as counsel for the Town of Seekonk. See Complaint.

8. Unless privileged (or initiated for some wild, illicit, or improper purpose), parties may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." See Rule 26(b)(1) of the RCP.

9. A motion for an Order compelling discovery and/or deposition testimony may be issued and obtained "if a deponent fails to answer a question propounded . . . under Rule 30." See Rule 30(a)(B) of the RCP.

10. Rule 30(a)(1) of the RCP provides that this Court is the appropriate forum in which to apply for an Order to compel the deposition testimony of a person who is not a party because this is the District in which the events in question occurred.

11. The interest of fairness and justice require that in the preparation of its case and claims, Seekonk Holdings should be able to ascertain the underlying facts giving rise to the defenses and actions of the Defendants.

12. Rule 501 of the Federal Rules of Evidence requires that in the absence of other (here inapplicable) requirements, "the privilege of a witness, person, government, State, or political subdivision thereof, shall be governed by the principles of the common law as they may be interpreted by the Courts of the United States in the light of reason and experience." Therefore, this Court should apply federal common law with respect to the Federal question claims found before it in this case.

13. The so-called "Open Meeting Law" appears at Chapter 39, Section 23B of the Massachusetts General Laws. In pertinent part, it provides that "[t]he records of each meeting shall become a public record and be available to the public; provided, however,

      that the records of any executive session may remain secret as long as publication may defeat the lawful purposes of the executive session, but no longer.

14. In the absence of attorney-client privilege claims, the fact that the statute admonishes that such records may be kept "secret" does not preclude discovery or create any evidentiary privileges. Compare, peer review provisions of M.G.L. 112 §87E 1/2 (expressly prohibited from being admissible as evidence), the specific prohibitions relating to alternative dispute resolution programs (similar express prohibitions against use as evidence) all utilizing clear and unambiguous language not present in c. 39 §23B. Cf., Hinsdale v. City of Liberal, Kansas, 981 F.Supp. 1378 (D. Kansas 1997).

15. The attorney-client privilege does not provide blanket protection from discovery for all communications made in executive session. And voluntary disclosure can result in waiver of the privilege. See Wilstein v. San Tropai Condo. Master Ass'n., 189 F.R.D. 371 (N.D. Illinois 1999).

16. A voluntary disclosure of information which is inconsistent with confidentiality waives the attorney-client privilege. Alldread v. City of Grenada, 988 F.2d 1425, 1434 (5th Cir. 1993).

17. Waiver of the privilege in an attorney-client communication extends to <u>all other communications</u> relating to the <u>same subject matter</u>. In re Grand Jury Subpoena (Zerendow), 925 F.Supp. 849 (D. Mass. 1995) accord, Naquin v. Unocal Corp., WL 1837838 (E.D. LA., 2002).

18. In the matter before the Court, the Town of Seekonk has <u>waived</u> its attorney-client privilege pertaining to the discussion of certain matters in this case through its voluntary production and publication (in the Public Library) of the following executive session minutes at each of which Attorney Lehane was listed as being present and is either quoted or someone to whom reference is made (copies at Exhibit "D"):

    a). November 1, 2000

    b). August 28, 2002

    c). September 25, 2002

    d). January 15, 2003

19. Additionally, several witnesses have testified about discussions with Mr. Lehane involving advice sought and received from him concerning the Plaintiff and/or its representatives. For example, Defendant and former Town Administrator Timothy McInerney described reports received from Mr. Lehane about Seekonk Holdings member H. Charles Tapalian ("Tapalian") (Exhibit "E", pp. 85-97) Other discussions with Mr. Lehane related to the subject matter of this litigation. (Id. at 121, 164, 167, and 244-245).

3

20.  Other witnesses have also described taking actions adverse to the Plaintiff and/or Mr. Tapalian on the basis of advice received from Mr. Lehane.

## CONCLUSION

On the basis of the foregoing, it seems clear that the Town's publication of minutes of executive sessions and that testimony given in this action have resulted in its voluntary waiver of its attorney-client privilege respecting Mr. Lehane. The Zerendow Grand Jury case (above) instructs that this waiver extends to all other communications relating to the same subject matter. And that subject matter is directly involved with, relevant to, and forms a discoverable basis related to this Complaint.

Accordingly, Seekonk Holdings' motion to compel the deposition testimony of Mr. Lehane and that the Court rule that the Defendants have waived their attorney-client privilege (as outlined herein) should be granted in every respect.

RI Seekonk Holdings, LLC
By its attorney,

/s/ John B. Reilly
John B. Reilly, Esq. (BBO # 545576)
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
FAX: (401) 738-0258

## CERTIFICATION

I hereby certify that a copy of the **Motion to Compel Depostion Testimony** has been sent, by regular mail, to **Michael C. Lehane, Esq.,** Murphy, Hesse, Toomey & Lehane, LLP, Crown Colony Plaza, 300 Crown Colony Drive, Suite 410, PO Box 9126, Quincy, MA 02269-9126, this 6th day of April, 2006.

/s/ John B. Reilly