# EXHIBIT A

# United States District Court
## FOR THE DISTRICT OF MASSACHUSETTS

SUBPOENA IN A CIVIL CASE
CIVIL ACTION NO. 04-11682 NMG

| | |
|---|---|
| R.I. SEEKONK HOLDINGS, LLLC,<br>Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| TIMOTHY P. McINERNEY, et al<br>Defendants | )<br>)<br>) |

**TO:** Michael Lehane Esq.
Murphy, Hesse, Toomey & Lehane
Quincy, MA 02169

☐ YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

**X** YOU ARE HEREBY COMMANDED to appear at the place, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Goudreau & Grossi<br>63 Winthrop Street<br>Taunton, Massachusetts 02780 | March 16, 2006 at 10:00 a.m. |

**X** YOU ARE HEREBY COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED DESCRIPTION OF DOCUMENTS - TO BE PRODUCED AT SAME TIME AND LOCATION AS DEPOSITION DESCRIBED ABOVE.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE HEREBY COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30 (b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE

*[signature]* ATTY FOR PLAINTIFF   2/15/06

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John B. Reilly, Esq., Ste. 330, Summit West, 300 Centerville Road, Warwick, RI 02886 (401-739-1800)

|                              |                       |
|------------------------------|-----------------------|
|                              **PROOF OF SERVICE**            |
| DATE                         | PLACE                 |
| SERVED                       |                       |
| SERVED ON (PRINT NAME)       | MANNER OF SERVICE     |
| SERVED BY (PRINT NAME)       | TITLE                 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of service is true and correct.

Executed on:

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45. Federal Rules of Civil Procedure, Parts C & D:
(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1)   A party or an attorney responsible for the issuance of a subpoena shall take reasonable steps to avoid imposing undue burdens or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.
        (B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i)   fails to show reasonable time for compliance
        (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)  subjects a person to undue burden.
    (B) If a subpoena
        (i)   requires disclosure of a trade secret or other confidential research, development, or other commercial information, or
        (ii)  require disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash, or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)     DUTIES IN RESPONDING TO A SUBPOENA
    (1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT -- MICHAEL LEHANE, ESQ.

WHEREAS, defendant, Timothy McInerney (former Town Administrator of the Town of Seekonk) has (and other witnesses have) asserted that certain actions in connection with the plaintiff and its member, H. Charles Tapalian, were taken "on the advice of counsel" and have identified witness, Michael Lehane, Esq. as an or the attorney having given such advice, and

WHEREAS, numerous minutes of Executive Sessions of the Town of Seekonk in which Mr. Tapalian and/or his relationship to the named plaintiff were discussed (including specifically minutes in which various relevant remarks are attributed to Michael Lehane, Esq.) and have been publicly released and/or produced by defendants pursuant to discovery requests, and

WHEREAS, it has been noted and held by this court in the matter of Nitinol Med. Tech. v. Marks, 135 F.Supp.2d 212 (D.Ma 2000) that "(i)t is beyond question that deliberate injection of the advice of counsel into a case waives the attorney-client privilege ... it is (thereupon) only the scope of the waiver that must be decided" (Id. at 217) (Dein, M.J.), now, therefore

THE FOLLOWING DOCUMENTS ARE TO BE PRODUCED FOR INSPECTION, COPYING AND INQUIRY AT THE TIME OF THIS DEPOSITION:

1. All notes or records pertaining to the following Executive Sessions attended by the deponent:
   (a). November 1, 2000
   (b). August 28, 2002
   (c). September 25, 2002
   (d). January 15, 2003

2. All notes, communications, and records of the deponent pertaining to communications with defendant, McInerney, relating to his refusal to directly speak and/or meet with H. Charles Tapalian, including related communications to any members of the Seekonk Board of Selectmen including, but not limited to, those pertaining to the following communications:

   (a). Mr. Tapalian's letter to Mr. McInerney dated June 2, 2003 and prospective responses to the same.

   (b). Mr. McInerney's letter to Mr. Tapalian dated June 2, 2003

   (c). McInerney email to all department heads dated June 12, 2003

3. All notes, communications, and records of the deponent pertaining to a request by Charles Tapalian that then Building Inspector Paul Stringham take action concerning debris accumulating on the Sweet property, at or in the vicinity of Davis Street, Seekonk, including but not limited to the following:

   (a). Mr. Stringham's letter of January 6, 2003, advising that he needed "additional time" to consider the complaint due to "longstanding" legal issues between the parties.

    (b). Mr. Stringham's letter of April 14, 2003, advising that no action would be taken concerning Mr. Tapalian's complaint about debris on the Sweet property.

4. All notes, communications, and records of the deponent pertaining to an invitation to Mr. McInerney by Arthur Foulkes to appear with Mr. Tapalian on his television program "One on One" in August 2003.

5. All notes, communications, and records of the deponent pertaining to Mr. Tapalian's offer to meet with Selectmen and/or Mr. McInerney at the Johnson & Wales Inn, Seekonk, during September and/or October 2003, for the purpose of discussing a luxury condominium development.

6. All notes, communications, and records of the deponent pertaining to the Town's February 11, 2004 response to MassHousing concerning plaintiff's Greenbriar Condominium application.

FEBRUARY 16, 2006

## *QUICKSERV*
**ALLSTATE PROCESS SERVERS**

### RETURN OF SERVICE

*I this day summoned the within named* MICHAEL LEHANE, ESQ.
MURPHY, HESSE, TOOMEY
& LEHANE

*to appear as within directed by delivering to* DONNA DAVIS, RECEPTIONIST, 11:25 AM.

**X** *in hand, or*
*leaving at last and usual place of abode, to wit:*

*No.* 300 CROWN COLONY
*in the* QUINCY   *District of said* NORFOLK   *County an attested copy of the subpoena together with* $ 58   *fees for attendance and travel*

| | |
|---|---|
| Service and travel   28 | *it being necessary I actually used a motor vehicle in the distance of* 10 *miles in the service of this process* |
| Paid Witness   58 | |

Joseph Fallon
Process Server