# EXHIBIT B

# MURPHY, HESSE, TOOMEY & LEHANE, LLP
## Attorneys At Law

CROWN COLONY PLAZA
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126
TEL: (617) 479-5000   FAX: (617) 479-6469

WORLD TRADE CENTER EAST
TWO SEAPORT LANE
BOSTON, MA 02210
TEL: (617) 479-5000   FAX: (617) 338-1324

ONE MONARCH PLACE, SUITE 1310R
SPRINGFIELD, MA 01144
TEL: (800) 227-6485   FAX: (617) 479-6469

Arthur P. Murphy
James A. Toomey
Katherine A. Hesse
Michael C. Lehane
John P. Flynn
Regina Williams Tate
Edward F. Lenox, Jr.
Mary Ellen Sowyrda
David A. DeLuca
Ann M. O'Neill
Michael F.X. Dolan Jr.
Donald L. Graham
Andrew J. Waugh
Geoffrey P. Wermuth
William P. Breen, Jr.
Doris R. MacKenzie Ehrens

Mary L. Gallant
Lorna M. Hebert
Joseph T. Bartulis, Jr.
Clifford R. Rhodes, Jr.
Kathryn M. Murphy
Stacey G. Bloom
Thomas W. Colomb
Monica Swanson Tesler
Rebecca L. Andrews
Jennifer N. Geosits
Michael J. Pacinda
Jason M. Gesing
Bryan R. LeBlanc
Quinn H. Vandenberg
Kathryn M. Martin
Kevin F. Bresnahan
Kathleen E. Yaeger

*Please Respond to Quincy*

February 17, 2006

John B. Reilly, Esq.
330 Summit West
300 Centerville Road
Warwick, RI 02886

> *Re:* **R.I. Seekonk Holdings, LLC vs. Timothy McInerney, et al**
> ***USDC/MA C.A. No. 04-11682 NMG***

Dear Mr. Reilly:

I've received the deposition subpoena by which you notified me formally that you intend to depose me on March 16, 2006 at 63 Winthrop Street in Taunton. I certainly appreciate your courtesy and that of your staff in providing telephone notice prior to service.

As you know, we served as town counsel for the Town of Seekonk from late 1999 to June, 2004. We were succeeded in those responsibilities by Robert Mangiaratti, Esq. of the firm Volterra, Goldberg, Mangiaratti and Jacobs. At that time, all Seekonk related files were returned to the Town and, as I understand it, made available to Mr. Mangiaratti. I think it unlikely, therefore, that I will have any of the documents referenced in the attachment to the deposition subpoena. I will, of course, make a search to confirm whether or not I have any of the referenced files or documents.

More troubling to me is the issue of attorney-client privilege. In our profession it certainly ranks at or near the top of inviolable principles. I understand, obviously, that there are circumstances where clients will expressly waive the privilege or may be deemed by a court to have waived the privilege.

**MURPHY, HESSE, TOOMEY & LEHANE, LLP**
**Attorneys At Law**

John B. Reilly, Esq.
February 17, 2006
Page Two

In the case at hand, however, I have not been advised by the Town of Seekonk or by Mr. McInerney of any such waiver nor, to my knowledge, has the court ruled that such a waiver has occurred.

I am writing this letter to try to save us all from wasting time. By copy of this letter to Mr. Mangiaratti, I am requesting to be advised if the Town of Seekonk has waived the attorney-client privilege with respect to any conversations that municipal officials may have had with me on the disputed matters.

I am also requesting that you advise me if the court has ruled that a waiver of the Town's privilege has occurred.

In the event that Mr. Mangiaratti does not advise me formally that the Town has waived its privilege, or in the event that I am not provided with a copy of a ruling of court absolving me of my duty not to disclose otherwise privileged conversations, I do not anticipate disclosure of any such conversations.

Please understand that it is not my wish to make difficulties for anyone, nor to insist on hyper-technicalities. However, the duty of confidentiality is so basic and fundamental that I must insist upon receiving either a waiver or leave of court, and clear definition concerning the scope of any such waiver or leave.

Thank you for your courtesy and attention to this.

Very truly yours,

Michael C. Lehane

cc:     Robert Mangiaratti, Esq.
        Jeremy J. Silverfine, Esq.
        Leonard H. Kesten, Esq.