UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11682NMG

RI HOLDINGS COMPANY, LLC )
    Plaintiff, )
     )
V. )
     )
TIMOTHY P. MCINERNEY, )
individually and as in his )
capacity as town administrator )
of the TOWN OF SEEKONK )
and TOWN OF SEEKONK, )
    Defendants. )

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY OF WITNESS, MICHAEL LEHANE, ESQUIRE

The Plaintiff, RI Holdings Company, LLC (hereinafter "RI Holdings") has moved to enter an order compelling the deposition of witness Attorney Michael Lehane (hereinafter "Lehane") and a ruling that the Defendants have waived their attorney-client privilege. The Defendants oppose that motion and request that this honorable court **DENY** said motion. In support thereof, the defendants submit the following memorandum.

### I. Background

There has been ongoing litigation between H. Charles Tapalian (the principal of the named plaintiff, RI Holdings, in this case) and the Town of Seekonk for some 15 years (see for instance, Civil Action No. 02-12216RGS, pending in this same court). Tapalian had first sued the Town in 1990 in a state court matter entitled H. Charles Tapalian v. The Town of Seekonk, et. al. He then subsequently filed a contempt action against the Town in 1998, and thereafter

filed civil action no. A001272 PBS in federal court against the Town and an employee.

In the case at bar the plaintiff alleges, *inter alia*, that it has been treated differently as compared to other development companies similarly situated with reference to the Town of Seekonk.

On or about February 15, 2006, the Plaintiff issued a deposition subpoena directed to Attorney Michael Lehane of the law firm of Murphy, Hesse, Toomey and Lehane of Quincy, Massachusetts. Attorney Lehane had served as town counsel for the defendant Town of Seekonk from sometime in late 1999 through June 2004. Attorney Lehane has indicated in a letter to plaintiff's counsel that he would not disclose attorney-client conversations in the absence of confirmation that the Town of Seekonk has waived its privilege or that there has been a ruling of law absolving him of his duty not to disclose otherwise privileged conversations. (See copy of Lehane's letter, attached hereto as Exhibit 1).

It is the Defendants' position that the Town of Seekonk has not waived its attorney-client privilege and that Lehane may not disclose conversations protected by the attorney-client privilege.

## II. Argument

The Town of Seekonk released certain executive session minutes to the public. The released minutes includes those executive session minutes described in the plaintiff's motion to compel (ie. executive sessions dated 11/1/00, 8/28/02, 9/25/02 and 11/5/03). The fact that particular executive session minutes were released, by the town, has not destroyed the executive session privilege. It also does not mean that the Defendants have generally waived the

attorney-client privilege in relation to all matters. Porcaro v. Hopkinton, 2000WL1473038 (Mass. Super) 1.

Massachusetts's General Laws Chapter 39 Section 23B states, in relevant part, that all meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided in this section. (See copy of M.G.L. c. 39 sec. 23B, attached hereto as Exhibit 2).

Massachusetts General Law Chapter 39 Section 23A provides the definition of "executive session". An executive session is "any meeting of a governmental body which is closed to certain persons for deliberation on certain matters." (See copy of M.G.L. c.39 sec. 23A, attached hereto as Exhibit 3).

An executive session may be held when the governmental body has first convened an open session for which notice has been given, a majority of the members have voted to go into executive session and the vote of each member is recorded on a roll call vote and entered into the minutes. M.G.L. c. 39 section 23B. The presiding officer must cite the purpose for an executive session, and the presiding officer has to state before the executive session if the governmental body will reconvene after the executive session. M.G.L. c. 39 sec. 23B.

Executive sessions may be held for the following purposes:

1. To discuss the reputation, character, physical condition or mental health rather than the professional competence of an individual, provided that the individual involved in such executive session has been notified in writing by the governmental body.

2. To consider the discipline or dismissal of, or to hear complaints or charges brought against, a public officer, employee, staff member, or individual, provided that the individual involved in such executive session pursuant to this clause has been notified in writing.

3. To discuss strategy with respect to collective bargaining or litigation if an open meeting may have a detrimental effect on the bargaining or litigating position of the governmental body.

4. To discuss the employment of security personnel or devices.

5. To investigate charges of criminal misconduct or to discuss the filing of criminal complaints.

6. To consider the purchase, exchange, lease or value of real property.

7. To comply with the previsions of any general or special law or federal grant-in-aid requirements.

8. To consider or interview applicants for employment…if an open meeting will have a detrimental effect in obtaining qualified applicants.

9. To meet or confer with a mediator with respect to any litigation. M.G.L. c. 39 sec. 23B.

Closed executive sessions may be held only for one of the purposes expressly set forth in section 23B. District Attorney For the Plymouth District v. Board of Selectmen of Middleborough, 395 Mass. 629, 631-632 (1985).

Mass General Laws Ch. 39 Sec. 23B(3) specifically allows executive session to discuss strategy with respect to litigation if an open meeting may have a detrimental affect on the litigating position of the governmental body. District Attorney For the Plymouth District v. Board of Selectmen of Middleborough, 395 Mass. at 632 n. 3.

The Town of Seekonk is entitled to confidential litigation strategy discussion involving the town and its attorneys. The legislature contemplated this need for confidential discussion between attorneys and their public clients in enacting the third exception for litigation and collected bargaining. District Attorney For the Plymouth District v. Board of Selectmen of Middleborough, 395 Mass. at 632 n. 5.

M.G.L. c. 39 section 23B provides for the attorney-client privilege in the enumerated exceptions. District Attorney For the Plymouth District v. Board of Selectmen of Middleborough, 395 Mass. at 634. Section 23B acts as a statutory public waiver of any possible privilege the public client in meetings of governmental bodies except in the narrow circumstances stated in the statute. Id. See 18 Massachusetts Practice Section 181. The Massachusetts courts have assumed that the attorney-client privilege of a public client exists. District Attorney For the Plymouth District v. Board of Selectmen of Middleborough, 395 Mass. at 633 n. 4. Porcaro v. Hopkinton, 2000 WL 1473038 (Mass. Super) 1 n. 3.

Additionally, federal common law recognizes the attorney-client privilege. Wilstein v. San Tropai Condominimum Master Association, 189 F.R.D. 371, 378 (1999). "The purpose of the privilege is 'to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" Id. "'The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.'" Id. "The privilege recognizes that sound legal advice depends upon the lawyer's being fully informed by the client." Id.

*De minimus*, the Town of Seekonk has not waived its attorney-client privilege as to *all* matters. Relevant portions of the executive session meeting discussing confidential information disclosed to the attorney or advice from the attorney relating to the pending or anticipated litigation or privileged from discovery. Id., at 380.

The Defendants in this case have not waived their attorney-client privilege by providing minutes of executive session minute meetings despite the Plaintiff's claims to the contrary. Id. For instance, any memory of the substance of any conversation that is refreshed by the attorney's notes of a session is protected under the work product doctrine. In Re: Grand Jury Subpoena (Zerendow), 925 F. Supp. 849, 852 (D. Mass. 1995). The Supreme Court has held that the work product doctrine protected the "mental impressions contained in the files and the mind" of an opposing attorney from disclosure unless there was a "showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of [the moving party's] case or cause him any hardship or injustice.'" Id. Attempts to secure "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties fall outside of the arena of discovery in contravene []the public policy underlining the orderly prosecution and defense of legal claims. Id.

> ...It is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal briefs, and countless other tangible and intangible ways—aptly though roughly termed... as the 'Work product of a lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect of the legal profession would be demoralizing. And the interest of the clients and the cause of justice would be poorly served. Id. at 853.

As the First Circuit has stated, our adversary system of justice cannot function properly unless an attorney is given a zone of privacy within which to prepare the client's case and plan strategy, without undue interference.  Id.

### III. Conclusion

The defendant Town of Seekonk has not voluntarily waived its attorney-client privilege with respect to former town counsel Attorney Lehane.  The Defendants respectfully request this court **DENY** the Plaintiff's Motion to Compel the deposition testimony of Attorney Michael Lehane and rule that the Defendants have not waived their attorney-client privilege.

Respectfully Submitted,
The Defendants,
Timothy P. McInerney and
the Town of Seekonk
By their attorneys,

/s/ Jeremy I. Silverfine
Leonard H. Kesten, BBO# 542042
Jeremy I. Silverfine, BBO#542779
BRODY, HARDOON, PERKINS AND KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: April 13, 2006