# EXHIBIT 2

# The General Laws of Massachusetts

Go To:
Next Section
Previous Section
Chapter Table of Contents
MGL Search Page
General Court Home
Mass.gov

PART I. ADMINISTRATION OF THE GOVERNMENT

TITLE VII. CITIES, TOWNS AND DISTRICTS

## CHAPTER 39. MUNICIPAL GOVERNMENT

TOWN MEETINGS

### Chapter 39: Section 23B. Open meetings of governmental bodies

Section 23B. All meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided by this section.

No quorum of a governmental body shall meet in private for the purpose of deciding on or deliberating toward a decision on any matter except as provided by this section.

No executive session shall be held until the governmental body has first convened in an open session for which notice has been given, a majority of the members have voted to go into executive session and the vote of each member is recorded on a roll call vote and entered into the minutes, the presiding officer has cited the purpose for an executive session, and the presiding officer has stated before the executive session if the governmental body will reconvene after the executive session.

Nothing except the limitation contained in this section shall be construed to prevent the governmental body from holding an executive session after an open meeting has been convened and a recorded vote has been taken to hold an executive session. Executive sessions may be held only for the following purposes:

(1) To discuss the reputation, character, physical condition or mental health rather than the professional competence of an individual, provided that the individual involved in such executive session has been notified in writing by the governmental body, at least forty-eight hours prior to the proposed executive session. Notification may be waived upon agreement of the parties. A governmental body shall hold an open meeting if the individual involved requests that the meeting be open. If an executive session is held, such individual shall have the following rights:

(a) to be present at such executive session during discussions or considerations which involve that individual.

(b) to have counsel or a representative of his own choosing present and attending for the purpose of advising said individual and not for the purpose of active participation in said executive session.

(c) to speak in his own behalf.

(2) To consider the discipline or dismissal of, or to hear complaints or charges brought against, a public officer, employee, staff member, or individual, provided that the individual involved in such executive session pursuant to this clause has been notified in writing by the governmental body at least forty-eight hours prior to the proposed executive session. Notification may be waived upon agreement of the parties. A governmental body shall hold an open meeting if the individual involved requests that the meeting be open. If an executive session is held, such individual shall have the following rights:

(a) to be present at such executive session during discussions or considerations which involve that individual.

(b) to have counsel or a representative of his own choosing present and attending for the purpose of advising said individual and not for the purpose of active participation.

(c) to speak in his own behalf.

(3) To discuss strategy with respect to collective bargaining or litigation if an open meeting may have a detrimental effect on the bargaining or litigating position of the governmental body, to conduct strategy sessions in preparation for negotiations with nonunion personnel, to conduct collective bargaining sessions or contract negotiations with nonunion personnel.

(4) To discuss the deployment of security personnel or devices.

(5) To investigate charges of criminal misconduct or to discuss the filing of criminal complaints.

(6) To consider the purchase, exchange, lease or value of real property, if such discussions may have a detrimental effect on the negotiating position of the governmental body and a person, firm or corporation.

(7) To comply with the provisions of any general or special law or federal grant-in-aid requirements.

(8) To consider and interview applicants for employment by a preliminary screening committee or a subcommittee appointed by a governmental body if an open meeting will have a detrimental effect in obtaining qualified applicants; provided, however, that this clause shall not apply to any meeting, including meetings of a preliminary screening committee or a subcommittee appointed by a governmental body, to consider and interview applicants who have passed a prior preliminary screening.

(9) To meet or confer with a mediator, as defined in section twenty-three C of chapter two hundred and thirty-three, with respect to any litigation or decision on any public business within its jurisdiction involving another party, group or body, provided that: (a) any decision to participate in mediation shall be made in open meeting session and the parties, issues involved and purpose of the mediation shall be disclosed; and (b) no action shall be taken by any governmental body with respect to those issues which are the subject of the mediation without deliberation and approval for such action at an open meeting after such notice as may be required in this section.

This section shall not apply to any chance meeting, or a social meeting at which matters relating to official business are discussed so long as no final agreement is reached. No chance meeting or social meeting shall be used in circumvention of the spirit or requirements of this section to discuss or act upon a matter over which the governmental body has supervision, control, jurisdiction or advisory power.

Except in an emergency, a notice of every meeting of any governmental body shall be filed with the clerk of the city or town in which the body acts, and the notice or a copy thereof shall, at least forty-eight hours, including Saturdays but not Sundays and legal holidays, prior to such meeting, be publicly posted in the office of such clerk or on the principal official bulletin board of such city or town. The secretary of a regional school district committee shall be considered to be its clerk and he shall file the notice of meetings of the committee with the clerk of each city or town within such district and each such clerk shall post the notice in his office or on the principal official bulletin board of the city or town and such secretary shall post such notice in his office or on the principal official bulletin board of the district. If the meeting shall be of a regional or district governmental body, the officer calling the meeting shall file the notice thereof with the clerk of each city and town within such region or district, and each such clerk shall post the notice in his office or on the principal official bulletin board of the city or town. The notice shall be printed in easily readable type and shall contain the date, time and place of such meeting. Such filing and posting shall be the responsibility of the officer calling such meeting.

A governmental body shall maintain accurate records of its meetings, setting forth the date, time, place, members present or absent and action taken at each meeting, including executive sessions. The records of each meeting shall become a public record and be available to the public; provided, however, that the records of any executive session may remain secret as long as publication may defeat the lawful purposes of the executive session, but no longer. All votes taken in executive sessions shall be recorded roll call votes and shall become a part of the record of said executive sessions. No votes taken in open session shall be by secret ballot.

A meeting of a governmental body may be recorded by any person in attendance by means of a tape recorder or any other means of sonic reproduction or by means of videotape equipment fixed in one or more designated locations determined by the governmental body except when a meeting is held in executive session; provided, that in such recording there is no active interference with the conduct of the meeting.

Upon qualification for office following an appointment or election to a governmental body, as defined in this section, the member shall be furnished by the city or town clerk with a copy of this section. Each such member shall sign a written acknowledgement that he has been provided with such a copy.

The district attorney of the county in which the violation occurred shall enforce the provisions of this section.

Upon proof of failure by any governmental body or by any member or officer thereof to carry out any of the provisions for public notice or meetings, for holding open meetings, or for maintaining public records thereof, any justice of the supreme judicial court or the superior court sitting within and for the county in which such governmental body acts shall issue an appropriate order requiring such governmental body or member or officer thereof to carry out such provisions at future meetings. Such order may be sought by complaint of three or more registered voters, by the attorney general, or by the district attorney of the county in which the city or town is located. The order of notice on the complaint shall be returnable no later than ten days after the filing thereof and the complaint shall be heard and determined on the return day or on such day thereafter as the court shall fix, having regard to the speediest possible determination of the cause consistent with the rights of the parties; provided, however, that orders with respect to any of the matters referred to in this section may be issued at any time on or after the filing of the complaint without notice when such order is necessary to fulfill the purposes of this section. In the hearing of such complaints the burden shall be on the respondent to show by a preponderance of the evidence that the action complained of in such complaint was in accordance with and authorized by section eleven A 1/2 of chapter thirty A, by section nine G of chapter thirty-four or by this section. All processes may be issued from the clerk's office in the county in which the action is brought and, except as aforesaid, shall be returnable as the court orders.

Such order may invalidate any action taken at any meeting at which any provision of this section has been violated, provided that such complaint is filed within twenty-one days of the date when such action is made public.

Any such order may also, when appropriate, require the records of any such meeting to be made public, unless it shall have been determined by such justice that the maintenance of secrecy with respect to such records is authorized. The remedy created hereby is not exclusive, but shall be in addition to every other available remedy. Such order may also include reinstatement without loss of compensation, seniority, tenure or other benefits for any employee discharged at a meeting or hearing held in violation of the provisions of this section.

Such order may also include a civil fine against the governmental body in an amount no greater than one thousand dollars for each meeting held in violation of this section.

The rights of an individual set forth in this section relative to his appearance before a meeting in an executive or open session, are in addition to the rights that an individual may have from any other source, including, but not limited to, rights under any laws or collective bargaining agreements, and the exercise or nonexercise of the individual rights under this section shall not be construed as a waiver of any rights of the individual.