UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

R.I. SEEKONK HOLDINGS, LLC.
    Plaintiff

VS.                                                   C.A. No.: 04 CV 11682 NMG

TIMOTHY P. McINERNEY, et al
    Defendants

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL

Plaintiff, RI Seekonk Holdings, LLC ("Seekonk Holdings") hereby submits this memorandum in response to Defendants' Opposition To Plaintiff's Motion To Compel Deposition Testimony of Witness, Michael Lehane, Esquire. (Hereinafter, "Defendants' Opposition.")

It is Plaintiff's position that Defendants, in their Opposition, have **not** sufficiently upheld their burdens of proof to show 1) that attorney-client privilege applied in this case and was not waived and that 2) the documents requested were prepared in anticipation of litigation, thus falling under the protection of the work product doctrine. Further, Defendants purposefully waived all **available** protections when Executive Session minutes were made public, and the deposition testimony of several witnesses disclosed matters pertinent to Plaintiff's treatment by Defendants. Finally, justice and fairness dictate that Attorney Lehane's testimony be taken in this matter. Plaintiff thereby respectfully asks that this Court consider this memorandum in granting Plaintiff's original Motion to Compel.

**FURTHER ARGUMENT**

1. **Defendants have not set forth any facts or circumstances, which satisfy their burden to prove the applicability of the attorney-client privilege to the matter at hand.**

In Plaintiff's original motion, it was asserted that any attorney-client privilege had been waived by Defendants, not only through the release of Executive Session meeting minutes, which record Attorney Lehane's own words in discussing Plaintiff's principal member, H. Charles Tapalian ("Tapalian") and occurrences now at issue in this case, but also in the deposition testimony of several individuals (discussed below) pertaining to the same. Defendants, in their Opposition have asserted that attorney-client privilege applies in this case, and therefore, the requested documents and testimony should remain protected from discovery. [It should be noted that Defendants have the procedural option of producing a "Privilege Log" describing any documents that would be protected from discovery, but have not done so. (See, F.R.C.P. 26(b)(5).)]

This Court has held that it is the burden of the party asserting the attorney-client privilege to prove the applicability of the privilege, including notably, providing proof that the privilege has not been waived. In re Grand Jury Subpoena (Zerendow), 925 F.Supp. 849, 854 (D. Mass. 1995). See also, In the Matter of the REORGANIZATION OF ELECTRIC MUTUAL LIABILITY INSURANCE CO., LTD. (BERMUDA), 681 N.E.2d 838, 841 (1997). *Inter alia*, the party asserting the privilege must meet the requirements that the communications in question were related to the purpose of seeking confidential legal advice, **and** the absence of waiver. Id. In their Opposition, Defendants provide an accurate recital of the legal definition of the "Executive Session," as well as black letter law supporting the attorney-client privilege. However, Defendants do not provide any facts or circumstances that alleged the communications

requested were made for a confidential legal purpose. Defendants also did not provide any support for their allegation that the confidence was not **waived** upon **publication** of session minutes and/or through the deposition testimony. Defendants did not connect the legal references to the issue in question, but merely re-asserted the notion that the privilege should exist in this case. (See Defendants' Opposition, pp. 2-6.) Having failed to correctly allege the required elements of attorney-client privilege, Defendants have simply not upheld their burden.

> **2. Defendants have not set forth any facts or circumstances, which satisfy their burden to prove the applicability of the Attorney Work Product Doctrine to the matter at hand.**

Defendants, in their Opposition, assert the protections of the Work Product Doctrine in claiming that the testimony of Attorney Lehane and the production of related documents are impermissible under the law. However, this Court has clearly held that "the party resisting production… has the burden of demonstrating that [material sought] was prepared in anticipation of litigation." In re Lernout & Hauspie Securities Litigation, 222 F.R.D. 29, 36 (D.Mass. 2004). Again, Defendants have clearly outlined the purpose for and function of the Work Product Doctrine, (see Defendants' Opposition, pp. 6 and 7) but have not attempted to make a showing that the requested documents were prepared "because of" or "in anticipation of" litigation. Id. Quite simply, without stating specifically a litigious purpose behind Attorney Lehane's documents, if any, Defendants have failed to meet the requirements of Attorney Work Product protection.

> **3. Any claimed attorney-client privilege was waived through the voluntary release of information falling within the same subject matter of the requested documents and testimony.**

Should this Court choose to consider the validity of an attorney-client privilege in this matter, Plaintiff hereby contends that despite Defendants' failure to correctly allege such a

privilege, any such privilege was voluntarily waived when the Seekonk Board of Selectmen <u>unanimously</u> voted to release Executive Session minutes to the public, and through the deposition testimony of Steven S. Howitt, James V. Tusino, and Lawrence Havrylik, and Defendant McInerney.

<u>Zerendow</u> clearly states, "Waiver of the privilege in an attorney-client communication extends to **all other communications relating to the same subject matter**. 925 F.Supp. 849, 855 (D.Mass. 1995). There can be no question that the release of closed-session meeting minutes, in which litigation strategy with regard to Plaintiff was discussed with the Town Counsel, is an intended waiver of confidentiality with regard to the information contained therein. Similarly, the deposition testimonies of Howitt, Tusino, Havrylik, and Defendant McInerney waive any claim of privilege for the disclosed discussions of interactions and communications with Attorney Lehane in relation to Plaintiff's principal member and his dealings on its behalf. It naturally follows that the rule of <u>Zerendow</u> would allow for the discoverability of any documents and testimony "relating to the same subject matter" found in the meeting minutes and testimony with regard to Plaintiff, H. Charles Tapalian. (See Exhibits D & E attached to Plaintiff's Motion to Compel.)

Specifically, Mr. Havrylik stated in deposition that he never voted against Town Counsel's recommendations regarding Tapalian. (See Exhibit A, Havrylik Deposition, p. 114.) Defendant McInerney states that he referred to Attorney Lehane's advice for determining an appropriate course of action to deal with Tapalian. (See Exhibit B, McInerney Deposition p. 121.) Mr. Howitt discusses his beliefs regarding Attorney Lehane's loyalty to the Town Administrator, Defendant McInerney. (See Exhibit C, Howitt Deposition pp. 182-185.) Mr. Tusino discusses Attorney Lehane's opinions regarding the nature of litigation with Plaintiff and

his thoughts on how to proceed in the matter. (See Exhibit D, Tusino Deposition pp. 128, 129.) In addition, former Town Administrator William G. Keegan, Jr. produced a copy of a letter addressed to Attorney Lehane asking for options that the Town Board could take in response to litigation between Tapalian and Mr. Tusino. (See Exhibit E, Keegan letter.)

All of the documents and related testimony requested by Plaintiff concern Attorney Lehane's role in the actions taken with regard to Tapalian (and to Seekonk Holdings), by extension. Following the rule of Zerendow, since these matters have been disclosed, **repeatedly and voluntarily**, any attorney-client privilege has most certainly been waived as to any documents or testimony regarding Plaintiff Tapalian and his relations with Defendants.

> **4.  The notes, correspondence, and testimony requested of Attorney Lehane are necessary to properly ascertain the facts surrounding the actions of Defendants, and justice dictates that such notes, correspondence, and testimony should be discoverable.**

In ascertaining whether Work Product Doctrine protections are applicable to a matter, the burden rests on the requesting party "to establish adequate reasons to justify production through subpoena or court order." Zerendow, at 853, citing In re Grand Jury, 106 F.R.D. 255, 257 (D.N.H. 1985). The facts of this case especially warrant the disclosure of any relevant documents and testimony of Attorney Lehane. First, Attorney Lehane, as outlined above, has been identified by several witnesses as the individual whom they approached for advice on how to deal with Tapalian. As a prominent player in Executive Session meetings where Tapalian was discussed, and possibly a motivating force behind actions taken against Tapalian, Attorney Lehane's notes and testimony are material to the issue of disparate treatment by the Town of Seekonk.

In addition, Attorney Lehane's notes and testimony are necessary to discover the full content of the Executive Session Meetings whose minutes were already released to the public.

5

Testimony by Mr. Havrylik revealed that Executive Session Minutes may or may not have been complete upon release to the public. He stated that Secretary Cynthia Dacaney decided the level of detail to be included in the minutes, that Selectmen could make changes to the notes before approval, and that only votes and motions absolutely had to be included in the notes. (See Exhibit A, pp. 36, 37, 102.) More importantly, Secretary Dacaney testified that on at least one occasion Defendant McInerney took Executive Session tapes into his own custody before returning them to be transcribed. (See Exhibit F, Dacaney Deposition, pp. 80-83.) (Defendant McInerney has denied in deposition removing any tapes before transcription. (See Exhibit B, pp. 94-97.)) Therefore, Plaintiff has no way of knowing the completeness or accuracy of the minutes that were released, and the deposition testimony of Attorney Lehane is a type of discovery inquiry reasonably calculated to lead to the discovery of admissible evidence and the determination of the true and accurate facts underlying this case.

     Finally, it is Plaintiff's position that justice requires the discoverability of Attorney Lehane's testimony and any notes he compiled. In this case, Defendants have released for public access discussions regarding the personal business and legal affairs of Tapalian, including several statements charging him with initiating frivolous litigation causing intimidation. (See Plaintiff's Motion to Compel, Exhibit D; for example: "*…any time any board or employee of the town disagreed with H. Tapalian, he sued…*") Now, Defendants insist that any further inquiry into the same such discussions and deliberations via Attorney Lehane is impermissible. By claiming attorney-client privilege and Work Product protection after releasing Executive Session minutes in this matter, Defendants have not only circumvented well-established discovery rules, but seek another way of impeding proper discovery. Therefore, in necessity and in fairness, Plaintiffs ask for the discoverability of the testimony and records of Attorney Lehane.

6

**CONCLUSION**

In light of the foregoing, and its original motion, Plaintiff respectfully asks this Court to grant its Motion to Compel the Deposition Testimony of Attorney Lehane, and that it declare that the proposed assertion of attorney-client and/or Work Product privileges are inapplicable as having been waived.

        RI Seekonk Holdings, LLC
        By its attorney,

        /s/ John B. Reilly
        John B. Reilly, Esq. (BBO # 545576)
        John Reilly & Associates
        Summit West - Suite 330
        300 Centerville Road
        Warwick, Rhode Island 02886
        (401) 739-1800
        FAX: (401) 738-025

**Dated: April 18, 2006**