United States District Court
District of Massachusetts

```
_____
                              )
R.I. SEEKONK HOLDINGS, LLC,   )
       Plaintiff,             )
                              )
                              )   Civil Action No.
                              )   04-11682-NMG
       v.                     )
                              )
                              )
                              )
TIMOTHY P. MCINERNEY and THE  )
TOWN OF SEEKONK,              )
       Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a dispute regarding an alleged waiver of the attorney-client privilege. Pending before the Court is a motion of the plaintiff, R.I. Holdings Company, LLC (R.I. Holdings), a Rhode Island limited liability company, to compel the deposition of Michael Lehane, Esq. ("Attorney Lehane"), counsel for the defendant Town of Seekonk, Massachusetts ("the Town" or "Seekonk") from late 1999 until June, 2004. The Court concludes that the Town waived its attorney-client privilege for all communications relating to issues discussed in closed executive sessions the minutes of which were later voluntarily released to the public.

-1-

I. **Background**

The pending law suit is the latest in a long history of litigation between the Town of Seekonk and H. Charles Tapalian ("Tapalian"), a shareholder of R.I. Holdings. Tapalian has filed five separate suits against the Town alleging various forms of unlawful interference with his land development and litigation has been ongoing in one or more of those suits for nearly 15 years. In April, 2003, R.I. Holdings purchased 75 acres of land in Seekonk, Massachusetts from Tapalian, thus precipitating the present dispute.

On July 29, 2004, R.I. Holdings filed a complaint against the Town of Seekonk and Timothy McInerney ("McInerney"), the Town Administrator, for frustrating its plans to develop and build on the land. Plaintiff alleges that McInerney made himself inaccessible and took actions to delay and thwart the success of the project by imposing unduly burdensome administrative procedures. The complaint alleges violations of 1) the First and Fourteenth Amendments to the United States Constitution, 2) 42 U.S.C. § 1983 and 3) the Massachusetts Tort Claims Act.

On February 15, 2006, R.I. Holdings served a deposition subpoena on Attorney Lehane. Two days later, he responded with a letter advising that he was concerned about attorney-client privilege because his firm had served as Town Counsel for Seekonk from late 1999 to June, 2004. On March 15, 2006, Attorney Lehane

-2-

sent a second letter to the plaintiff indicating that the current counsel for the Town of Seekonk had advised that the Town had not waived its attorney-client privilege and therefore, absent a court order, he would not agree to be deposed. On April 6, 2006, R.I. Holdings filed this motion to compel his deposition testimony.

### II. Motion to Compel

On January 19, 2005, the Town's Board of Selectmen ("the Board") voted unanimously to release certain executive session minutes to the public. Attorney Lehane is listed as present and is either quoted or referred to in the published minutes of four of those executive sessions: November 1, 2000, August 28, 2002, September 25, 2002, and January 15, 2003. Based on the voluntary publication of the executive session minutes and the testimony of other witnesses in which they discuss advice provided by Attorney Lehane, R.I. Holdings contends that the Town has voluntarily waived its attorney-client privilege with respect to Attorney Lehane and seeks to have this Court compel his deposition and the production of any relevant documents.

The defendants oppose the motion and contend that the Town has not waived its attorney-client privilege and, moreover, that Attorney Lehane's testimony and the requested documents are protected by the work product doctrine.

-3-

**A.   Attorney-Client Privilege**

Massachusetts General Laws, Chapter 39, § 23B ("the Open Meeting Law") requires that, barring the applicability of an enumerated exception, all meetings of a governmental body be open to the public. To that end, the Open Meeting Law functions as a "statutory public waiver of any possible privilege of the public client in meetings of governmental bodies". <u>Dist. Atty. for the Plymouth Dist.</u> v. <u>Board of Selectmen of Middleborough</u>, 395 Mass. 629, 634 (1985). Among the exceptions to the Open Meeting Law is one which allows closed executive sessions in order to

> discuss strategy with respect to ... litigation if an open meeting may have a detrimental effect on the ... litigating position of the governmental body ....

Mass.Gen.Laws c.39 sec. 23B(3).

Exercising that exception, the Town of Seekonk held executive sessions to discuss confidential litigation strategy between the Town and its attorney. In January, 2005, the Board of Selectmen voted unanimously to release certain of the executive session minutes to the public. R.I. Holdings contends that the release of the closed-session town meeting minutes, in which a law suit filed by Tapalian was discussed, is a waiver of the Town's right to confidentiality.

The Court agrees. By voluntarily releasing the closed-session minutes, the Town of Seekonk waived its attorney-client privilege. See <u>In re Grand Jury Subpoena (Zerendow)</u>, 925 F.Supp.

-4-

849, 855 (D.Mass. 1995)("Patently, a voluntary disclosure of information which is inconsistent with the confidential nature of the attorney-client relationship waives the privilege.")(quoting Alldread v. City of Grenada, 988 F.2d 1425, 1434 (5th Cir. 1993)); see also Wilstein v. San Tropai Condo. Master Ass'n, 189 F.R.D. 371 (N.D.Ill. 1999)(voluntary disclosure of communications made in executive sessions can result in waiver of privilege). The Town of Seekonk fails to demonstrate how its unanimous decision to release the minutes of the closed session meetings did not waive the privilege.  The Town does not claim that the disclosures were made for confidential legal purposes.

A waiver "extends to all other communications relating to the same subject matter." Zerendow, 925 F.Supp. at 855 (citing In re Sealed Case, 877 F.2d 976, 980-81 (D.C.Cir. 1989))(emphasis added). Insofar as R.I. Holdings is seeking to depose Attorney Lehane on the same subjects that were discussed in the relevant executive sessions, the attorney-client privilege with respect to those subjects is waived. However, waiver of the attorney-client privilege on one issue does not automatically extend to other issues.

The Court's review of the executive session minutes at issue in this case reveals that the Board members discussed the Town's litigation strategy regarding a suit brought by Tapalian against the Town and James Tusino ("Tusino"), the Superintendent of

-5-

Public Works. Specifically, the November, 2000, minutes indicate that the Board of Selectmen discussed the suit and voted unanimously to defend and indemnify Tusino. The August, 2002, minutes reveal discussions about the possibility of a settlement between the parties. The September, 2002, minutes provide an update on the status of the case, i.e. claims against the Town had been dismissed by summary judgment but those against Tusino had been allowed to proceed and a jury had awarded Tapalian compensatory and punitive damages as well as costs and fees. The Board then went on to discuss the appeals process and whether a settlement was still possible. The January, 2003, minutes again addressed the decision to indemnify Tusino and concluded with a vote to consolidate the multiple suits brought by Tapalian and to seek resolution through mediation.

Based on the Board of Selectmen's voluntary release of the confidential minutes, the Court concludes that the Town waived its attorney-client privilege for all communications relating to the issues discussed in the released minutes, primarily discussions about the suit brought by Tapalian against the Town of Seekonk and James Tusino. The privilege was not, however, waived with respect to any subjects beyond those addressed (and released) in the executive session minutes, such as matters related to the April, 2003 land purchase by R.I. Holdings. That acquisition occurred after January, 2003, the latest of the

-6-

executive session minutes that were released.

**B.    Work Product Doctrine**

The defendants also claim that the deposition and documents of Attorney Lehane are protected by the work product doctrine. Unlike the attorney-client privilege, the work product doctrine is not waived through disclosure to a non-adversarial third party. United States v. Mass. Institute of Tech., 129 F.3d 681, 687 (1st Cir. 1997)(work product protection not waived as easily as attorney-client privilege).

The intended goal of the work product doctrine is to protect the integrity of the adversarial process by balancing the need to promote attorney preparation with the general interest of revealing all facts relevant to a dispute. Amgen Inc. v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287, 290 (D.Mass. 2000). Recognizing that the protection of an attorney's work product is essential to our legal system, the "burden rests on the one who would invade that privacy to establish adequate reasons to justify production". See Zerendow, 925 F.Supp. at 853 (quoting In re Grand Jury, 106 F.R.D. 255, 257 (D.N.H. 1985)). The First Circuit Court of Appeals defines the scope of the work product doctrine as "all materials prepared 'with an eye towards litigation'". In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1014 (1st Cir. 1988)(citing Hickman v. Taylor, 329 U.S. 495, 511 (1947)).

-7-

As a preliminary matter, however, the proponent (either the attorney or the client) must show that the documents come within the protection of the doctrine and that the documents were prepared or obtained in anticipation of litigation. Hickman, 329 U.S. at 511; see also In re Lernout & Hauspie Securities Litigation, 222 F.R.D. 29, 36 (D.Mass. 2004)("party resisting production ... has the burden of demonstrating that [material sought] was prepared in anticipation of litigation").

The February 15, 2006, subpoena orders Attorney Lehane to produce:

> 1) notes or records pertaining to the four executive sessions in which the minutes were released to the public;
>
> 2) notes, communications and records pertaining to communications with McInerney, relating to his refusal to speak and/or meet with Tapalian;
>
> 3) notes, communications and records pertaining to a request by Tapalian that the Building Inspector, Paul Stringham, take action concerning debris accumulating on the Sweet property;
>
> 4) notes, communications and records pertaining to an invitation to McInerney by Arthur Foulkes to appear with Tapalian on his television program;
>
> 5) notes, communications and records pertaining to Tapalian's offer to meet with Selectmen and/or McInerney at the Johnson & Wales Inn, Seekonk; and
>
> 6) notes, communications and records pertaining to the Town's response on February 11, 2004 to MassHousing concerning the Greenbriar Condominium application.

First, the requested "communications" are protected by the attorney-client privilege between Attorney Lehane and the Town,

-8-

inasmuch as they are communications between Attorney Lehane and the Town about matters that go beyond the discussions in the executive session minutes that were released.

With respect to the notes and records, the defendants fail to make an adequate showing that (or even attempt to explain how) the requested documents and notes were prepared or obtained in anticipation of litigation. In the defendants' opposition to R.I. Holdings's motion, the defendants make only a passing reference to the work product doctrine with no specific reference to any of the documents requested by the subpoena. The defendants' argument is insufficient to meet their burden of demonstrating that the documents were prepared in anticipation of litigation.

Moreover, Attorney Lehane no longer represents the Town of Seekonk in the current matter which reduces the potential for any conflict of interest at his deposition with respect to the work product doctrine. Presumably, Attorney Lehane does not possess information regarding Seekonk's current litigation strategy. Even the notes and documents created during the course of the four relevant executive sessions between 2002 and 2003 were not created in anticipation of the current litigation. The minutes indicate that the Board of Selectmen, including Attorney Lehane, discussed a separate litigation between the Tapalian and the Town of Seekonk and its Superintendent.

**ORDER**

For the foregoing reasons, the motion of plaintiff to compel the deposition of Michael Lehane, Esq. (Docket No. 19) is ALLOWED as to subject matters that were discussed in the released executive session minutes because the attorney-client privilege with respect to those matters was waived.  Moreover, the defendants have failed to demonstrate the applicability of the work product doctrine and, therefore, the requested documents and notes will be produced.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated:   February 13, 2007